**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff–Appellant,

v.

**The ERECTION COMPANY, INC.,**
Defendant–Appellee.

**No. 89–35131.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1990.

Decided March 27, 1990.

Estelle D. Franklin, E.E.O.C., Washington, D.C., for plaintiff-appellant.

Michel M. Sales, Oles, Morrison & Rinker, Seattle, Wash., for defendant-appellee.

Before WRIGHT, REINHARDT and O'SCANNLAIN, Circuit Judges.

## ORDER

This appeal challenges the sealing of a consent decree. Because the district court failed to articulate any basis for the sealing of the decree, we REVERSE and REMAND with instructions to the court to articulate its reasoning and findings.

## FACTS

In May, 1986, appellant, the Equal Employment Opportunity Commission (EEOC), filed an employment discrimination action against appellee Erection Company under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The EEOC alleged that the employer had misused name request referral procedures in its collective bargaining agreement with Ironworkers Local Union No. 86 in discriminating against black workers.

In October 1988, following substantial settlement negotiations, the parties reached a tentative settlement agreement in the form of a consent decree. That decree contained a nondisclosure provision.

The nondisclosure provision was unacceptable to the EEOC Office of the General Counsel in Washington, D.C. The parties agreed to strike the provision and have the question of sealing decided on motion by the district court.[1]

On October 27, 1988, following oral argument on the issue, the court granted the motion to seal. The court stated:

> I ... agree that this is an appropriate case for accepting the suggestion that the order of confidentiality be entered.

So I am ... granting the motion for an order sealing the consent decree and order.

RT at 6. The court's Order of October 27, 1988 stated that the sealing of the decree was "in the interests of the justice" and stated in relevant part:

> No person may have access to [the Consent Decree] without further order of this Court. Any interested party seeking inspection of the Decree or its contents must give 21 days written notice to The Erection Company and the Commission of the desire to review the file and demonstrate to the Court and to the parties full and adequate justification supporting the request.

Order at 1-2.

The EEOC then moved to amend the judgment pursuant to Fed.R.Civ.P. 59(e), seeking to unseal the consent decree. On December 15, 1989, the court denied the motion by minute order without explanation.

## ANALYSIS

The EEOC contends on appeal that the court's sealing of the consent order violates the public's common law right of access. We cannot determine that issue given the court's failure to articulate any reasoning or findings underlying its decision to seal the decree. Our decision in *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289 (9th Cir. 1986), compels us to remand.

In *Valley Broadcasting*, we addressed this issue in the context of a criminal trial. Although it might be argued that civil proceedings present considerations different than those in criminal prosecutions, case authority provides no enlightenment or support for this distinction. Accordingly, we apply the reasoning set forth in *Valley Broadcasting*.

In *Valley Broadcasting*, we addressed the public's right of access to records in a criminal trial for the purposes of copying

---

1. The parties also agreed to have the court decide the necessity for a fairness hearing by motion. The court denied the motion and the EEOC does not now appeal that ruling.

various audio and videotaped exhibits from a criminal trial. *Id.* After consideration of the court's reasons for denying access, we concluded that the articulated concerns were insufficient to overcome the strong presumption in favor of copying access. *Id.* at 1294 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978)).

■ In reaching this conclusion, we emphasized that " 'it is vital for a court clearly to state the basis of its ruling, so as to permit appellate review of whether relevant factors were considered and given appropriate weight.' " *Valley Broadcasting*, 798 F.2d at 1294 (quoting *United States v. Edwards (In re Video–Indiana, Inc.)*, 672 F.2d 1289, 1294 (7th Cir.1982)). Such relevant factors may include public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. *Valley Broadcasting*, 798 F.2d at 1294.

In the present case, the EEOC claims that public policy reasons support the allowing of unfettered public access to the consent decree. For example, the EEOC argues that the requirement that interested parties seeking access must wait three weeks and present justification to the court will deter access by other similarly aggrieved persons and runs counter to the prophylactic scheme of Title VII.

The Erection Company counters that the waiting and justification requirements reasonably protect its interest in avoiding additional lawsuits. It argues also that disclosure of the monetary figures of the settlement could harm its competitive bidding status.

"We review a district court's denial of access to its records for abuse of discretion." *Id.* Here, however, we cannot tell if there was an abuse of discretion because the record gives no hint whether the court considered any or all of these factors and arguments. We express no opinion as to the merits of these arguments and remand for the district court to state its reasoning

and findings. This panel will retain jurisdiction over any future appeals in this case.

Attorney's fees requested by the Erection Company are denied.

REVERSED AND REMANDED.

REINHARDT, Circuit Judge, concurring in part and dissenting in part:

The order of remand constitutes an idle judicial act. It requires the district court and the parties to spend unnecessary time and energy revisiting an issue that deserves no further judicial attention. Moreover, a remand may lead to future appeals by one of the parties, resulting in a further waste of judicial resources. To put it bluntly, there is simply no justification in this case for anything but an outright reversal.

In *Valley Broadcasting v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir.1986), we discussed the strong presumption in favor of access to judicial documents. The district court in *Valley Broadcasting* denied a television station access to certain audio and video tape exhibits presented in the course of the trial. It explained that the station's request to copy the tapes caused substantial inconveniences, created the risk of loss or erasure of the original copies, complicated the selection of an unbiased jury in the upcoming trials, and might taint empaneled jurors. We examined at length the merits of each of the articulated reasons and rejected all of them. We held that "[w]ithout articulable facts, such speculation was conjecture," and "reemphasize[d] that the district court must articulate the factual basis for the danger without relying on hypothesis or conjecture." *Id.* at 1295, 1297. We also said, "[w]e stress that it is vital for a court clearly to state the basis for its ruling, so as to permit the appellate review of whether relevant factors were considered and given appropriate weight." *Id.* at 1294 (citing *United States v. Edwards*, 672 F.2d 1289, 1294 (7th Cir.1982)). Thus, the lower court must base its decision on a compelling reason and articulate that reason clearly; equally important the reason must be supported by sufficient facts.

Here, the district court failed on both counts. In response to The Erection Company's assertion that sealing the decree was "very important and significant" and would serve to end "the litigation and all of the animosity and all of the difficulties," the court issued an order sealing the consent decree. It offered no reason for its actions. Nor was there any factual basis in the record that could have supported the district court's action. In announcing its sealing decision, the district judge merely stated that "this is an appropriate case for accepting the suggestion that the order of confidentiality be entered." Subsequently, the EEOC moved to alter or amend judgment pursuant to Rule 59(e). The district court, by minute order, denied the motion to amend judgment without any additional comment.

Neither at the time of its initial order nor of its denial of the Rule 59(e) motion did the district court indicate a reason for sealing the decree. However, it was not the district court's fault that it failed to do so—the record simply contained no factual basis for the issuance of a sealing order. Given the strong presumption in favor of full disclosure, "the considerations advanced by the district court do not justify the restraint it placed on the public's right to inspect and copy judicial records." *Id.* at 1295.

The Erection Company presents two arguments on appeal in support of its position that the settlement should be sealed. First, it asserts that it had reached a tentative agreement with the local counsel for the EEOC and was surprised when the General Counsel in Washington denied final approval. The nature of the tentative agreement at the lower level is, of course, wholly irrelevant. The Erection Company was aware at all times that the final agreement could only be authorized by EEOC's General Counsel. The General Counsel obviously had the right to object to any provision in the agreement. In fact, with respect to the nondisclosure provision, he not only had the right to object, but he was entirely correct to do so. According to EEOC's counsel, EEOC policy prohibits nondisclosure provisions in consent decrees—a wise and salutary policy (see discussion *infra*). Thus, The Erection Company's disappointment with Washington's policies cannot serve to justify the sealing order.

Second, The Erection Company made vague references to the potential harm which public knowledge of the terms of the settlement could cause to its "competitive advantage." In response to the Rule 59(e) motion, The Erection Company stated that "any dissemination of more specific information on the monetary and nonmonetary aspects of the settlement has the distinct possibility of adverse consequences for The Erection Company, and could become grounds for additional lawsuits to be brought." However, The Erection Company failed to offer any rationale to support its claim, let alone any facts. At oral argument, counsel responded to questioning on this issue by stating that if its competition knew that The Erection Company had an affirmative action program and what that program costs, it would place the company at a competitive disadvantage. However, once again counsel merely made a flat assertion. She presented no logical explanation for the linkage between the adoption of an affirmative action program and a decline in competitive advantage—and, again, made no reference to any factual matter, in or out of the record. In reality, knowledge by The Erection Company's competitors of its hiring goals or training program would have absolutely no impact on The Erection Company's ability to engage in competitive bidding. The argument presented by The Erection Company is close to frivolous.

Finally, an EEOC consent decree is a matter of public business not only because it is a judgment approved by a court which retains continuing jurisdiction, but also because it constitutes an effective mechanism for the public to monitor a public agency's performance of a vital public task. *See, e.g., FTC. v. Standard Financial Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("The appropriateness of making court files accessible is accentuated in cases where the government is a party: in

172

such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of citizenry to appraise the judicial branch."); *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1178–79 (6th Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984) (noting that civil cases frequently involve issues crucial to the public such as discrimination claims, and the remedies and penalties "imposed by the court will be more readily accepted, or corrected if erroneous, if the public has an opportunity to review the facts presented to the court"). The public has a right to know how the EEOC is carrying out its mandate to protect civil rights and whether it is obtaining appropriate remedies when the law is violated. Similarly, the public has a right to know whether the courts are properly resolving discrimination claims. Since it is important for people to be able to assess the conduct of public institutions, the presumption weighs even more heavily in favor of public access than in the ordinary civil case.

On remand, the district judge will have no choice but to reverse the order sealing the consent decree. In *Valley Broadcasting,* we established the proper procedure for addressing cases of this nature. We did not remand to permit the district judge to articulate additional or more specific reasons for denying access; we simply reversed his order. Here, The Erection Company had several opportunities to explain its reasons for desiring the decree to be sealed, and as is apparent, the explanations it offered were without merit. Moreover, at no time did the company offer any factual material in support of its request. Under these circumstances, there is no possible justification for remanding the case. The record simply cannot support a sealing order. In short, not only is the procedure used here unwarranted, but it is contrary to binding precedent. For these reasons, I concur in the reversal of the district court's

decision, but dissent from the order of remand.

I should add that there is another issue before us. This case illustrates a growing abuse of the sanctions process by counsel. The Erection Company asked for attorneys fees under Rule 38 of the Federal Rules of Appellate Procedure. Rule 38 applies only when an appeal is frivolous. Here, the appeal is not only not frivolous, it is patently meritorious. Under our precedent, counsel's request constitutes sanctionable conduct. *Partington v. Gedan,* 880 F.2d 116, 130–31 (9th Cir.1989). She is most fortunate that the EEOC did not ask that sanctions be imposed.