United States Court of Appeals,

Fifth Circuit.

No. 94-50115.

Summary Calendar.

Helen Ruth MANGES, Plaintiff-Appellant,

v.

McCAMISH, MARTIN, BROWN & LOEFFLER, P.C., McCamish, Martin & Loeffler, P.C., J. Patrick Deely, and Kevin Warburton, Defendants-Appellees.

Nov. 7, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Plaintiff-Appellant appeals the district court's February 2, 1994 final judgment granting Defendants-Appellees' motion to dismiss and the court's orders of the same date granting Defendants-Appellees' motion to dismiss and denying Plaintiff-Appellant's motion to remand.  We affirm.

FACTS AND PROCEDURAL HISTORY

Helen Ruth Manges ("Helen Manges"), a resident of the State of Texas, is the wife of Clinton Manges, the sole shareholder of a company that owned the Duval County Ranch ("Ranch") located in Duval County, Texas.  In 1983, Seattle-First National Bank ("Seattle-First"), a National Banking Association with its principal place of business in Seattle, Washington and the Mangeses' largest creditor, filed suit in federal court against the Mangeses based upon claims relating to promissory notes,

guarantees, loan agreements and transactions involving those instruments. A compromise and settlement agreement was reached in 1985. Two subsequent federal district court actions concluded with judgments that found the Mangeses did not have a homestead right, business or personal, in the Ranch. On August 19, 1988, the parties submitted to the district court their "Agreed Motion for Approval and Entry of Final Judgment." The judgment, signed and dated August 25, 1988, provided that Seattle-First would recover $55,361,545.72 from the Mangeses, and approved as valid, enforceable, binding and existing in full force and effect the parties' "Stipulation and Agreement Concerning Judgment, Stay of Execution, Foreclosure of Liens, and Satisfaction of Judgment and Other Obligations Owed to Seattle-First National Bank" ("stipulation and agreement") dated August 14, 1988. The stipulation and agreement provided, among other things, that the Mangeses would pay Seattle-First $30,000,000 on August 10, 1989. The stipulation and agreement also contained the following provision:

> The Manges Defendants agree that the jurisdiction and venue of any suit, hearing, or legal action of any nature, to which Seattle-First National Bank is a party, one effect of which could be to halt, enjoin, impair, or hinder the enforcement of this Agreement, or the enforcement or collection of the Final Judgment, shall be in the United States District Court for the Western District of Texas, San Antonio Division.

On October 30, 1990, after the Mangeses defaulted on the $30,000,000 payment, Seattle-First obtained an order of seizure and sale of the Ranch. A public sale was conducted on January 16, 1991, with Seattle-First being the purchaser. On January 23, 1991,

an agreed occupancy order was entered by the district court, allowing the Mangeses to continue to reside on the Ranch, subject to certain conditions, until February 15, 1991.

Asserting that the Mangeses had breached the agreed occupancy order, J. Patrick Deely, attorney for Seattle-First, applied for and received a writ of assistance on February 11, 1991 directing the United States Marshal to seize the Ranch. On February 12, 1991, the Ranch was seized, the Mangeses were evicted, and their personal property was removed from the Ranch.

On June 4, 1993, Helen Manges filed an action against Seattle-First in Duval County state district court ("the Seattle-First case") asserting conversion, violation of the Texas Fair Debt Collection Act, wrongful foreclosure/repossession, "promissory estoppel," civil conspiracy, civil theft and fraud arising out of the February 12, 1991 seizure. On July 29, 1993, she filed another lawsuit in Duval County ("the McCamish case") against Defendants-Appellees, members of a professional corporation with their principal offices in San Antonio, Texas, asserting the same causes of action except for the fraud claim. Both cases were removed to the United States District Court for the Southern District of Texas and later transferred to the United States District Court for the Western District of Texas.

After conducting hearings in November 1993, the district court: 1) denied Helen Manges' motion to remand the McCamish case; 2) granted an unopposed motion to dismiss the claims against the defendants in the McCamish case; 3) entered an injunction

prohibiting Helen Manges from pursuing claims anywhere but in the Western District; and 4) dismissed the claims against Seattle-First in the Seattle-First case. Helen Manges did not appeal the district court's order dismissing her claims against Seattle-First. Her appeal challenges the district court's denial of her motion to remand and the dismissal of her lawsuit against Defendants-Appellees.

## STANDARDS OF REVIEW

In reviewing the district court's granting of Defendants-Appellees' motion to dismiss for failure to state a claim, we must apply the same standard used by the district court.[1] "A claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim that would entitle [her] to relief."[2]

"Because removal is an issue of statutory construction, we review a district court's determination of the propriety of removal de novo."[3]

## DISCUSSION

Helen Manges contends that because the district court lacked subject matter jurisdiction in this action, it erred in denying her motion to remand to state court and in granting Defendants-

---

[1]*Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 524 (5th Cir.1994).

[2]*Id.* (citing *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir.1994); *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994)).

[3]*Id.* (citing *Garrett v. Commonwealth Mortg. Corp. of America,* 938 F.2d 591, 593 (5th Cir.1991)).

Appellees' motion to dismiss.[4]  She argues that her original petition in state court does not present any federal cause of action, claim of federal right, or decisive question of law requiring application of a federal rule of decision.  In addition, she asserts that there is no diversity between the parties because both she and the Defendants-Appellees are residents of the State of Texas.

Defendants-Appellees contend that the federal court expressly retained jurisdiction in the stipulation and agreement and agreed occupancy order.  In support of its contention, Defendants-Appellees cite to *Langley v. Jackson State University.*[5]  In *Langley,* the parties to a Title VII employment discrimination case entered into a settlement agreement.[6] The district court dismissed the action without approving or incorporating the settlement into the its order, but did indicate that it intended to retain jurisdiction over future actions brought to enforce the settlement agreement.[7]  The plaintiff later filed an action in federal court claiming the defendant had breached the settlement agreement.[8] This Court held that the district court lacked subject matter

---

[4]We have jurisdiction over the district court's denial of Helen Manges' motion to remand to state court because it is coupled with the appeal of a final judgment.  *Id.* at 524 n. 1 (citing *Jones v. Newton,* 775 F.2d 1316, 1317 (5th Cir.1985)).

[5]14 F.3d 1070 (5th Cir.1994), *cert. den.,* --- U.S. ----, 115 S.Ct. 61, --- L.Ed.2d ---- (1994).

[6]14 F.3d at 1071.

[7]*Id.*

[8]*Id.* at 1072.

5

jurisdiction because it failed to approve or incorporate the settlement agreement into its dismissal order.[9] Defendants-Appellees argue that unlike *Langley,* the district court in this case did approve the stipulation and agreement in its final judgment. Therefore, because the stipulation and agreement explicitly provides for exclusive jurisdiction in the federal court, concurrent jurisdiction in state court is eliminated and the district court retains subject matter jurisdiction.

We agree that the holding in *Langley* supports a finding that a district court may retain subject matter jurisdiction when the parties' settlement agreement providing for exclusive jurisdiction in the federal court is approved or incorporated into the district court's final judgment. The 1988 district court judgment approved the federal court's exclusive jurisdiction to determine all questions concerning title, possession and control of the Ranch. However, in *Langley,* neither party suggested that the federal district court did not originally have federal jurisdiction. In this case, Helen Manges contends that because Defendants-Appellees reside in Texas, there is no diversity. Therefore, the case was never properly in federal court in the first place.

We disagree with Helen Manges' contention. Our review of the record reveals that Helen Manges' original petition filed in state court against Defendants-Appellees alleges that Defendants-Appellees acted in violation of the agreed stipulation and agreement approved by the district court in its 1988 final judgment

[9]*Id.* at 1072-73.

6

and the 1991 agreed occupancy order, which refers back to the 1988 final judgment.  Therefore, we find that the district court has ancillary jurisdiction in this case.

"It is well settled that a federal district court can exercise ancillary jurisdiction over a second action in order to "secure or preserve the fruits and advantages of a judgment or decree rendered' by that court in a prior action."[10]  Ancillary jurisdiction is appropriate "where the effect of an action filed in state court would "effectively nullif[y]' the judgment of a prior federal action.  This is true even where the federal district court would not have jurisdiction over the second action if it had been brought as an original suit."[11]  Because the state action Helen Manges brought against Defendants-Appellees will have an effect on the 1991 agreed occupancy order and ultimately the stipulation and agreement approved by the district court in its 1988 final judgment, the district court has subject matter jurisdiction in this case.

## CONCLUSION

Because the district court approved the stipulation and agreement in its 1988 final judgment and the district court has ancillary jurisdiction in this case, we find that the district court did not err in denying Helen Manges' motion to remand and in granting Defendants-Appellees' motion to dismiss for lack of

---

[10]*Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 960 F.2d 1286, 1292 (5th Cir.1992), *cert. denied,* --- U.S. ----, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994).

[11]*Id.*

subject matter jurisdiction.  Accordingly, the judgment of the district court is AFFIRMED.