**Angela K. HAGESTAD, Plaintiff,**

v.

**Roger C. TRAGESSER, Defendant–Appellee,**

v.

**OREGON STATE BAR, Intervenor–Appellant.**

**No. 93–35185.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1994.

Decided March 13, 1995.

---

Martha M. Hicks, Oregon State Bar, Lake Oswego, OR, for intervenor-appellant.

Lisa E. Lear, Robert J. Schnack, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, for defendant-appellee.

Before THOMPSON and LEAVY, Circuit Judges, and TASHIMA, District Judge.*

TASHIMA, District Judge:

The Oregon State Bar (the "State Bar"), as intervenor, appeals the district court's denial of its motion to compel production of documents and a deposition, and the district court's grant of defendant-appellee Roger Tragesser's ("Tragesser") motions to enforce a settlement agreement and quash service of subpoena, and to seal the court's file.

## BACKGROUND

Angela Hagestad ("Hagestad") commenced an action in the District of Oregon alleging that Tragesser, a member of the State Bar, had sexual relations with her over a period of seven years when she was a minor. Jurisdiction was predicated on diversity of citizenship. Approximately two years later, Hagestad filed a complaint against Tragesser with

* Hon. A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

the State Bar, repeating her allegations of sexual abuse. Some months later Hagestad and Tragesser settled the civil action. Pursuant to the settlement, an order of dismissal was filed on July 14, 1992 (the "Dismissal"). The Dismissal stated in its entirety:

> Counsel having informed the court that this action has been settled,

> This action is dismissed with prejudice, without costs and with leave for good cause shown within ninety (90) days, to have the dismissal set aside and the action reinstated if the settlement is not consummated.[1]

The court did not seal the court records at the time of the settlement or dismissal.

The State Bar subsequently issued a subpoena in its disciplinary investigation of Tragesser to Hagestad, requiring her to produce copies of documents filed in the civil case.[2] Before any documents were produced, Tragesser moved in the district court to enforce the settlement agreement and to quash service of the State Bar's subpoena. The State Bar then moved to intervene in the civil case, to compel the testimony of Hagestad and to compel the production of copies of all pleadings filed in the district court. Tragesser also moved to seal the entire court record.

The district court granted both the State Bar's motion to intervene and Tragesser's motion to seal the records. It did not give any reasons to justify the sealing of its records. The minute order of January 19, 1993, stated simply, "Ordered defendant's faxed motion to seal entire court record granted." Following briefing by the parties, the court denied the State Bar's motion to compel the production of documents and Hagestad's deposition. It granted Tragesser's motion to enforce the settlement agreement and to quash service of the subpoena. The district court's brief, written order of January 28, 1993, provides:

1. This Dismissal was preceded by an earlier order of dismissal, filed June 5, that was identically worded, except that the earlier dismissal was without prejudice. An intervening conference call with counsel, on July 7, preceded the Dismissal with prejudice.

2. Under Oregon law, the State Bar, through the Professional Responsibility Board, has the au-

The issue before the court is whether the OSB's [State Bar's] interest in protecting the public from legal professional misconduct outweighs the interests of the parties advanced by their agreement.

Undeniably, the OSB [State Bar] has a vital interest in protecting the public and the integrity of the legal profession. However, I find based on the facts and circumstances of this case that the bar's interest in protecting the public against unethical lawyers would not be sufficiently advanced by the disclosures sought by intervenor OSB to outweight [sic] the parties' interest in enforcing the agreement and maintaining its confidentiality provisions.

The State Bar now appeals the "Order denying Intervenor's motion to compel production and deposition, quashing service of subpoena, enforcing the settlement agreement and sealing the court's file, entered in this action on the 28th day of January, 1993."

## DISCUSSION

### I. APPELLATE JURISDICTION

The order entered by the district court in this case was final and appealable. *See Wilkinson v. FBI*, 922 F.2d 555, 558 (9th Cir. 1991) ("[A]n order *denying* post-judgment motion to compel production of documents brought to enforce a settlement agreement is appealable.") (emphasis in original); *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 472 (9th Cir.) (holding that a decision to modify a protective order is appealable), *cert. denied*, —— U.S. ——, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992). The State Bar timely filed its notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

### II. DENIAL OF DISCOVERY FROM PARTIES TO ORIGINAL ACTION

#### A. Standard of Review

■ We review *de novo* the issue of whether the district court had subject matter

thority and duty to investigate and prosecute allegations of professional misconduct by members of the Bar. Or.Rev.Stat. §§ 9.490, 9.532; Bar Rule of Procedure (BR) 2.3(b). The State Bar is authorized by state law to issue subpoenas. *See* Or.Rev.Stat. § 9.532(3)(a); BR 2.3(b)(3)(C).

jurisdiction. *In re Suchy,* 786 F.2d 900, 901 (9th Cir.1985).

## B. District Court Jurisdiction to "Enforce" the Settlement

The district court had jurisdiction over the underlying action between Hagestad and Tragesser based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). That basis for jurisdiction, however, does not necessarily extend to the order now on appeal.

In *Kokkonen v. Guardian Life Ins. Co.,* — U.S. —, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the Court held that a proceeding to enforce a settlement requires its own basis for jurisdiction, *i.e.,* a district court does not retain "inherent" or "ancillary" subject matter jurisdiction to enforce a settlement simply because the dismissal of a federal action served as part of the consideration for the settlement agreement. *Id.* at — — —, 114 S.Ct. at 1676–77.[3] When the parties' compliance with the terms of the settlement or the court's retention of jurisdiction over the settlement are included in the terms of the dismissal order, however, a breach of the agreement violates that order and the court has ancillary jurisdiction to enforce the agreement. *Id.* at —, 114 S.Ct. at 1677.

At the time the civil case was settled, it is clear that the district court *intended* to retain jurisdiction. It stated at the settlement conference:

> I will act as a czar with regard to the drafting of the settlement papers and the construction of this settlement and the execution of this settlement. And that means that if there is any dispute that is brought to me by counsel, I will decide the matter according to proceedings which I designate in the manner that I designate, and that decision will be final without any opportunity to appeal.

That it believed it had continuing jurisdiction to enforce the agreement is also clear from its order of January 28, 1993:

As part of the settlement agreement, plaintiff agreed not to provide evidence to prosecute the Oregon State Bar complaint filed against defendant and to take any and all reasonable actions to prevent that matter from proceeding. The parties also agreed that the terms and conditions of the settlement agreement were to remain confidential and not disclosed to anyone. The parties further agreed that all questions relating to their rights and duties under the agreement would be determined exclusively by the undersigned.

It is equally clear, however, that the district court did not retain jurisdiction over the settlement.[4] As noted, the Dismissal neither expressly reserves jurisdiction nor incorporates the terms of the settlement agreement. As the Court stated in *Kokkonen:*

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal— either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

*Id.* Because the district court did not have jurisdiction to enforce the settlement, the order of January 28, 1993, must be vacated and all proceedings to "enforce" the settlement must be dismissed.

## III. DENIAL OF ACCESS TO COURT RECORDS

### A. District Court Jurisdiction to Seal Records

"Every court has supervisory power over its own records and files, and access has

---

3. *Kokkonen* overruled Ninth Circuit precedent on this issue, *see* — U.S. at — —, 114 S.Ct. at 1675 (referring to the "inherent supervisory power" language in *Wilkinson v. FBI,* 922 F.2d at 557), and was not decided until after the district court had made its orders in this case.

4. Other than the 90–day reservation to "set aside" the dismissal "if the settlement is not consummated." It is apparent from the record that this reservation was concerned only with the monetary terms of the settlement.

been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). Thus, the district court's order sealing its records was an exercise of its inherent supervisory power.[5]

## B. Standard of Review

■ We review the district court's denial of access to its records for abuse of discretion. *Valley Broadcasting Co. v. United States Dist. Court,* 798 F.2d 1289, 1294 (9th Cir.1986).

## C. Merits of the Sealing Order

The State Bar argues that the district court abused its discretion by sealing its file and, thus, denying the State Bar access to the court's records.[6]

The Supreme Court acknowledged the existence of a common law right of access to records in civil proceedings: "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. at 597, 98 S.Ct. at 1312, 55 L.Ed.2d 570 (footnotes omitted). At the same time, the Court recognized that this right to inspect and copy judicial records is not absolute. *Id.* at 598, 98 S.Ct. at 1312. The Court did not endeavor to identify all of the factors to be weighed in determining whether access is appropriate, stating only that courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." *Id.* at 602, 98 S.Ct. at 1314. The Court also acknowledged that the decision is "one best left to the sound discretion of the trial court, a

discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599, 98 S.Ct. at 1312–13.

The Ninth Circuit has adopted the Seventh Circuit's approach for determining whether the common law right of access should be overridden, requiring courts to start with a strong presumption in favor of access. *See Valley Broadcasting Co.,* 798 F.2d 1289. This presumption of access may be overcome only "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Id.* at 1293 (quoting *United States v. Edwards,* 672 F.2d 1289, 1294 (7th Cir.1982)).[7]

■ The factors relevant to a determination of whether the strong presumption of access is overcome include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *EEOC v. Erection Co., Inc.,* 900 F.2d 168, 170 (9th Cir.1990) (*citing Valley Broadcasting,* 798 F.2d at 1294). After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. *Valley Broadcasting,* 798 F.2d at 1295.

As we have noted, "it is vital for a court clearly to state the basis of its ruling, so as to permit appellate review of whether relevant factors were considered and given appropriate weight." *Id.* at 1294 (quoting *Edwards,* 672 F.2d at 1294). We reversed an order to seal court documents and remanded where the district court failed "to articulate any reasoning or findings underlying its decision

---

5. The order sealing the court's record is a separate order from the January 28, 1993, order discussed in Part II, above.

6. Because we dispose of the right of access issue on common law grounds, it is unnecessary to reach the State Bar's argument that it also has a First Amendment right of access. *See Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 8, 106 S.Ct. 2735, 2740, 92 L.Ed.2d 1 (1986) (recognizing First Amendment right to access in context of criminal trial); *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 575–81, 100 S.Ct.

2814, 2826–30, 65 L.Ed.2d 973 (1980) (same). Neither the Supreme Court nor this Circuit has ruled on the issue in the context of a civil trial or records in civil cases.

7. Although *Valley Broadcasting* dealt with a television station's request to copy tapes admitted into evidence in a criminal trial, in *EEOC v. Erection Co., Inc.,* 900 F.2d 168, 169 (9th Cir. 1990), its reasoning was extended to the sealing of a consent decree in a civil case.

to seal the decree." *EEOC v. Erection Co.,* 900 F.2d at 169.

■ Here, because the district court failed to articulate any reason in support of its sealing order, meaningful appellate review is impossible.[8] Thus, the order sealing the district court's record must be vacated and the matter remanded for the making of findings in support of any order on this issue. This panel will retain jurisdiction over any future appeals in this case.

**VACATED** and **REMANDED.**

---

8. The motion itself does not shed much more light on the subject. Tragesser's "Motion to Seal Entire Court Record" states in its entirety:

Defendant moves to seal the court record in its entirety in this action, including without limitation all court computer records and all notes and records retained by all court reporters concerning this action. Counsel for plaintiff, Margaretta Eakin and Jerome B. Buckley, do not object to this Motion. The case was settled in its entirety pursuant to a confidentiality compromise agreement, and defendant requests that the Court order the entire court record sealed.