Terri Ann MIENER, By and Through her Guardian and next friend Clyde J. MIENER; Clyde J. Miener, as Guardian and Conservator of the estate of Terri Ann Miener, Appellees,

v.

MISSOURI DEPARTMENT OF
MENTAL HEALTH,
Appellant.

Terri Ann MIENER, By and Through her Guardian and next friend Clyde J. MIENER; Clyde J. Miener, as Guardian and Conservator of the estate of Terri Ann Miener, Appellants,

v.

MISSOURI DEPARTMENT OF
MENTAL HEALTH,
Appellee.

Nos. 94–3165, 94–3168.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1995.

Decided Aug. 18, 1995.

Rehearing Denied Sept. 29, 1995.

Robert Presson (argued), Jefferson City, MO, for appellant.

Stephen Leonard (argued), Clayton, MO, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Clyde J. Miener brought this action on behalf of his mentally handicapped daughter, Terri, to enforce a settlement agreement reached in an earlier federal lawsuit, *Miener v. New York Life Ins. Co.*, No. 83–2411–C(1) (E.D.Mo. Oct. 2, 1985). In the earlier lawsuit, Miener sued his health insurer and the insurer filed a third-party complaint alleging the Missouri Department of Mental Health (MDMH) was obligated under Missouri law to provide placement and services to Terri. The parties eventually signed a written settlement agreement setting out their obligations and filed a joint motion asking the district court to approve the settlement. The settlement agreement did not designate any court as having jurisdiction of future enforcement proceedings. The parties also filed a stipulation for dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(ii). The district court signed the motion to approve the settlement under the notation, "Granted," and the stipulation for dismissal with prejudice under the notation, "So ordered."

Years later, the parties disagreed on the MDMH's obligation to fund a certain community placement for Terri. Asserting the MDMH had breached the agreement, Miener filed this action for enforcement basing federal jurisdiction on the district court's inherent power to enforce its own orders. Stating it had jurisdiction to enforce the settlement agreement because the agreement had been made an order of the court, the district court entered a judgment that required the MDMH to pay for Terri's placement in a particular facility, but that also required Terri to have a roommate and pay a certain part of the cost. The MDMH appeals and Miener cross-appeals. Because the district court lacked subject matter jurisdiction to enforce the settlement agreement under a recent Supreme Court decision, we vacate and remand for dismissal.

In *Kokkonen v. Guardian Life Insurance Co. of America*, —— U.S. ——, —— – ——, 114 S.Ct. 1673, 1676–77, 128 L.Ed.2d 391 (1994), the Supreme Court held district courts do not have inherent power, that is, automatic ancillary jurisdiction, to enforce an agreement settling federal litigation. *Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1109, 130 L.Ed.2d 1074 (1995); *Sheng v. Starkey Labs., Inc.*, 53 F.3d 192, 195 (8th Cir.1995). Ancillary jurisdiction to enforce a settlement agreement exists only "if the parties' obligation to comply with the terms of the settlement agreement [is] made part of the order of dismissal—either by ... a provision 'retaining jurisdiction' over the settlement agreement [ ] or by incorporat[ion of] the terms of the settlement agreement in the order." *Kokkonen*, —— U.S. at ——, 114 S.Ct. at 1677. Ancillary jurisdiction to enforce the agreement exists in these situations because breach of the agreement violates the district court's judgment. *Id.* Absent action making the settlement agreement part of a dismissal order, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.*

Here, the obligation to comply with the settlement agreement's terms was not made a part of the dismissal order. First, the district court's dismissal order does not retain jurisdiction, either directly or indirectly. *Id.; see Manges v. McCamish, Martin, Brown & Loeffler, P.C.*, 37 F.3d 221, 224 (5th Cir.1994) (indirect retention). Second, the dismissal order does not incorporate the settlement agreement. The dismissal order acknowledges, "All matters ... hav[e] been

settled and resolved," but does not otherwise mention the settlement agreement or its terms. A dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order. *Hagestad v. Tragesser*, 49 F.3d 1430, 1432–33 (9th Cir.1995) (dismissal stating "action has been settled" did not incorporate terms of settlement agreement); *see also Lucille*, 31 F.3d at 548–49 (judgment stating it was "entered in accordance with" settlement agreement did not incorporate settlement). Indeed, although *Kokkonen* does not state how a district court may incorporate a settlement agreement in a dismissal order, the case does suggest the agreement must be "embod[ied]" in the dismissal order. —— U.S. at ——, 114 S.Ct. at 1677.

■ Rather than relying on the dismissal order as a source of jurisdiction, the parties rely on the district court's grant of their motion to approve the settlement. The parties argue the district court's approval made the settlement agreement an order of the court, and thus, the district court had jurisdiction because violation of the agreement also violated a court order. We do not believe the district court's approval of the settlement agreement is sufficient to confer ancillary jurisdiction under *Kokkonen*. *See Hagestad*, 49 F.3d at 1432–33; *Manges*, 37 F.3d at 224; *Lucille*, 31 F.3d at 548–49. Although the settlement agreement was recited on the record before the district judge in *Kokkonen*, —— U.S. at ——, 114 S.Ct. at 1675, the Supreme Court noted, "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [the judge's dismissal] order," *id.* at ——, 114 S.Ct. at 1677. In addition, the motion to approve the settlement in this case asked the court to make the stipulation of dismissal, but not the settlement agreement, an order of the court.

Because the district court lacked ancillary jurisdiction and any independent basis for federal jurisdiction, Miener must seek enforcement of the settlement agreement in state court. *See id.* This promotes the proper allocation of federal resources. As we recently noted, federal courts have little interest in enforcing contractual agreements involving only state law issues. *Angela R. by Hesselbein v. Clinton*, 999 F.2d 320, 326 (8th Cir.1993) (consent decree); *see also Kokkonen*, —— U.S. at ——, 114 S.Ct. at 1677 (automatic jurisdiction over settlement contracts is in no way essential to the conduct of federal court business).

We thus vacate the district court's judgment and remand for dismissal of this enforcement proceeding. *See Hagestad*, 49 F.3d at 1433.

HENLEY, Senior Circuit Judge, concurring.

I concur in the result.