111 F.3d 85
 97 Cal. Daily Op. Serv. 2704, 97 Cal. Daily
Op. Serv. 4363,
97 Daily Journal D.A.R. 4803,
97 Daily Journal D.A.R. 7279,
97 Daily Journal D.A.R. 7365
Jack L. ORTOLF and Dorothy M. Ortolf, Husband and Wife, and
William Venn, Plaintiffs-Appellees,
v.
SILVER BAR MINES, INC., an Idaho Corporation; Fred Wolske
and Phyllis Wolske, Husband and Wife, and Calvin
Wolske, Defendants-Appellants.
William VENN; Ida Marie Wagner; Bill Koski; Jerry Koski;
Linda Mitten; Leslie Botaka; Robert C. Paterson;
Bob Oschner, dba Oschner Cars,
Plaintiffs-Appellees,
v.
Fred WOLSKE; Phyllis Wolske, Husband and Wife; Calvin
Wolske; Silver Bar Mines, an Idaho Corporation,
Defendants-Appellants.
 Nos. 95-36152, 95-36160.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 11, 1996.
Decided April 14, 1997.
As Amended on Denial of Rehearing June 10, 1997.
 
 Gordon S. Nielson, Boise, Idaho, for defendants-appellants.
 M. Karl Shurtliff, Boise, Idaho, for plaintiffs-appellees.
 Appeals from the United States District Court for the District of Idaho, Mikel H. Williams, Magistrate Judge, Presiding. D.C. Nos. CV-94-00287-MHW, CV-94-00288-MHW
 Before JOHN T. NOONAN, Jr., THOMPSON and KLEINFELD, Circuit Judges.
 KLEINFELD, Circuit Judge:
 
 
 1
 The only issue in this case is whether the supplemental jurisdiction of the district court extended to separate lawsuits to enforce settlement agreements.
 
 Facts
 
 2
 Two diversity cases involving overlapping groups of plaintiffs and defendants had been filed and settled in the United States District Court. In both the "exceeds ... $50,000" jurisdictional amount requirement had been satisfied. See 28 U.S.C. § 1332. The settlements provided for payment of $45,000 in one case, $15,000 in the other, by plaintiff's interpretation. The case at bar is an appeal from subsequent actions filed in the United States District Court, to enforce unpaid amounts on both agreements. The amount now claimed does not exceed $50,000.
 
 
 3
 The magistrate judge found that he had "ancillary jurisdiction" to adjudicate claims arising out of a breach of the settlement agreements, and held a two-day trial of the consolidated actions. The magistrate judge found that the defendants had in fact breached the settlement agreements, carefully analyzed the past payments and amounts due, and granted judgments for the plaintiffs. He rejected the defendants' claim that the United States District Court lacked jurisdiction to decide the case. We reverse.
 
 Analysis
 
 4
 Supplemental jurisdiction must be exercised in the same action that furnishes the basis for exercise of supplemental jurisdiction. The power of federal courts to exercise supplemental jurisdiction extends to "all other claims that are so related to claims in the action" when a district court has original jurisdiction "in any civil action." 28 U.S.C. § 1367(a). The phrases "in any civil action" and "in the action" require that supplemental jurisdiction be exercised in the same case, not a separate or subsequent case. "In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." Peacock v. Thomas, --- U.S. ----, ----, 116 S.Ct. 862, 867, 133 L.Ed.2d 817 (1996).
 
 
 5
 The settlement agreements which ended the earlier lawsuits said plaintiffs could "reduce this agreement to judgment" and "bring a separate action to enforce this agreement" at their election. They were expressly "not incorporated" in the district court's stipulated orders of dismissal. They did, however, provide that "the plaintiff [sic] may, at their election, reinstitute this action" (emphasis added) if the settlement agreements were not performed.[1] Whether the new lawsuits "reinstitute" the old ones or not, there was no jurisdiction. If the lawsuits were new, there is no jurisdiction because the jurisdictional requirement is not met. If the magistrate judge viewed them as in substance reinstituting the old ones, there is no jurisdiction because the district court did not retain jurisdiction to enforce the settlement agreements in the old lawsuits.
 
 
 6
 The Supreme Court held in Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378-80, 114 S.Ct. at 1675-76. Had the district court retained jurisdiction to enforce the settlement of the earlier lawsuits, then ancillary jurisdiction might exist, id. at 381, 114 S.Ct. at 1677, but the orders expressly provided that the settlement agreements were "not incorporated herein." We have held that an order based on a settlement agreement "is insufficient to create ancillary jurisdiction." O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir.1995). See also William Keeton Enterprises v. A All American Strip-O-Rama, 74 F.3d 178 (9th Cir.1996).
 
 
 7
 The magistrate judge cited Hagestad v. Tragesser, 49 F.3d 1430 (9th Cir.1995), but it does not support jurisdiction in the case at bar. In Hagestad, the matters at issue were raised in motions in the original settled case, not a subsequent filing. Also, the district court had expressly stated an intention to retain jurisdiction to set aside and reinstate the action "if the settlement is not consummated," and had explained that "I will act as a czar with regard to the drafting of the settlement papers and the construction of this settlement and the execution of the settlement." Id. at 1433. In these two respects, Hagestad was a stronger case for upholding jurisdiction than the case at bar. Nevertheless we held that under Kokkonen, the district court lacked jurisdiction. The reason was that the dismissal order did not expressly reserve jurisdiction or incorporate the terms of the settlement agreement.
 
 
 8
 In the case at bar, the orders purport to reserve a right to the plaintiff "to reinstitute" the previous lawsuits if the settlement agreements were not performed. They do not commit the court to enforcing the settlement agreement, and expressly provide that the settlement agreement is "not incorporated herein." The purpose of the Kokkonen exception, enabling the district court "to vindicate its authority and effectuate its decrees," Kokkonen at 380, 114 S.Ct. at 1676, thus has no application, because the court did not commit its authority.
 
 
 9
 We REVERSE, and VACATE the district court judgment, and REMAND for dismissal without prejudice to refiling in state court.
 
 
 
 [1]
 The relevant language from both agreements read:
 COMES NOW the parties by and through their undersigned counsel and stipulate and agree to the entry of the following judgment:
 
 
 [1]
 The Complaint herein is dismissed on entry of this Stipulation;
 
 
 [2]
 The dismissal of the Complaint herein is without prejudice
 
 
 [3]
 The dismissal of the Complaint herein is based on the agreement of the parties which is set out in a separate document and which is not incorporated herein; however, it is agreed herein that upon non-compliance with the terms of that separate agreement that the plaintiff may, at their election, reinstitute this action and that if so, the defendants expressly covenant and agree to waive any procedural defenses thereto, including statutes of limitation, laches, etc., and the defendants further agree that in the event of such reinstituted action they will waive any substantive defenses and agree to the entry, in such event, of a judgment against them in the sum of