S.O.C. INC.; Richard Soranno, Plaintiffs–Appellants,

v.

CLARK COUNTY, Gawain Guedry; Gaylen Hammack; William A. Hehn; Las Vegas Metropolitan Police Department; David Logue; James Mitchell; Victor Vigna; William Young, Defendants–Appellees.

No. 01–15511.

D.C. No. CV 95–00638–PMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2002.

Decided May 3, 2002.

Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.

Before SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges.

### MEMORANDUM *

Appellants (collectively "S.O.C.") challenge the district court's order denying their motion to enforce a settlement agreement between themselves and appellees (collectively "Clark County"). We find that we lack jurisdiction over this appeal because the district court's denial is not a final order under 28 U.S.C. § 1291. Accordingly, we dismiss.

Because the parties are familiar with the facts, we recite here only those necessary to explain our decision.

S.O.C., a business that provides "adult entertainment," (a female stripper service), filed a complaint against Clark County, alleging a pattern of activity in violation of, *inter alia*, the First and Fourth Amendments and numerous state and federal laws. The complaint alleged that various employees of the Las Vegas Metropolitan Police Department had violated, and were continuing to violate, the constitutional rights of S.O.C. and its employees and independent contractors, by subjecting them, variously, to unlawful detentions, searches, interrogations, and arrests.

After defendants filed their answer, discovery commenced, and no dispositive motions were filed in the case.

With the help of a federal magistrate, the parties entered into a settlement agreement. The agreement itself provides for no payment of damages, contains no admission of any wrongdoing, and offers no specific relief to S.O.C. The agreement states that the defendants will not engage in any unconstitutional or otherwise unlawful conduct. The defendants also acknowledge that S.O.C. has an internal policy forbidding their workers from authorizing any search or seizure of S.O.C.'s property.

The district court maintained jurisdiction over the matter for three years from the date of entry of the agreement (filed, in effect, as a consent decree).

Roughly six months after entry of the settlement agreement, S.O.C. filed in the district court a "Motion for Enforcement of Agreement," alleging that defendants had violated the terms of the agreement. Specifically, S.O.C. alleged that Detective Rector, of the Las Vegas Metropolitan Police Department, caused an unauthorized and illegal search of its premises, with the design to vex, harass, and annoy S.O.C.'s president and his business.

Following a hearing, the district court denied S.O.C.'s motion. The court found no pattern of behavior in violation of the agreement, and noted that the parties should have been able to resolve a "single incident" in an informal manner. S.O.C. appeals the denial of the motion arguing that the settlement agreement should be enforced.

S.O.C. contends that we have jurisdiction over this appeal pursuant to 28 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

§ 1291, which provides that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ..."[1] Typically, "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994). Known as the "final judgment rule," this rule serves the purposes of showing deference to pre-judgment decisions of the district court, promotes efficient judicial administration, and avoids costs and delay. *Firestone Tire & Rubber, Co., v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). A "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

It is clear to this court that S.O.C.'s appeal is not from a decision that "ends the litigation on the merits." The district court's denial of S.O.C.'s motion to enforce the agreement is simply a way point in the parties' continuing dispute. Although the parties and the district court may have agreed on a mechanism for ongoing monitoring of the Police Department's conduct, the agreement cannot grant access to our court for review.[2]

For these reasons, we hold that we lack jurisdiction over this appeal, and dismiss.

---

1. It is not disputed by the parties that the district court itself maintains "ancillary jurisdiction" over the settlement agreement, since the agreement explicitly provided for the court's retention of jurisdiction to enforce the settlement, and the court signed and entered the agreement. *See Kokkonen v. Guardian Life Ins., Co.,* 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Hagestad v. Tragesser,* 49 F.3d 1430, 1433 (9th Cir.1995).

2. The Supreme Court has made clear that a party may, under § 1291 and pursuant to the "collateral order doctrine," appeal not only from a decision ending the litigation entirely, but also from "a narrow class of decisions that do not terminate the litigation, but must, in the interest of 'achieving a healthy legal system,' nonetheless be treated as 'final.'"

*Digital Equip.,* 511 U.S. at 867, 114 S.Ct. 1992 (citing *Cobbledick v. United States,* 309 U.S. 323, 326, 60 S.Ct. 540, 84 L.Ed. 783 (1940)). Such interim decisions will be considered final if they (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) are "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 202, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999); *Cunningham v. Gates,* 229 F.3d 1271, 1283–84 (9th Cir.2000). These conditions for collateral order appeal are stringent, *Digital Equip.,* 511 U.S. at 868, 114 S.Ct. 1992, and are not met in this case.