**Hollynn DELIL, Plaintiff—Appellee,**

v.

**POINT REYES SEASHORE LODGE;
et al., Defendants—Appellants.**

No. 05–16781.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 16, 2007.

Law Offices of Paul L. Rein, Sidney J. Cohen, Esq., Sidney J. Cohen, Professional Corporation, Oakland, CA, for Plaintiff–Appellee.

Michael E. Brown, Esq., Law Offices of Michael E. Brown, San Francisco, CA, for Defendants–Appellants.

Before: NOONAN and McKEOWN, Circuit Judges, and TRAGER *, Senior Judge.

MEMORANDUM **

Point Reyes Seashore Lodge, Jeffrey S. Harriman, and Thomas R. Harriman (collectively, the "Lodge") appeal the district court's award of attorney's fees to Hollynn Delil ("Delil"). The parties are familiar with the facts. We proceed to the law.

*The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*Subject Matter Jurisdiction*

The district court preserved jurisdiction following the March 24, 2004 Order of Dismissal Upon Settlement (the "March 2004 Order"). The Lodge's argument that the March 2004 Order was unconditional is unpersuasive. When Delil certified that not all aspects of the lawsuit had settled, the order was automatically vacated.

The Lodge's reliance on *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and *Hagestad v. Tragesser*, 49 F.3d 1430 (9th Cir.1995), is misplaced. *Kokkonen* did not involve a conditional order and has no application to this case. In *Hagestad*, the condition for vacating the dismissal order was never met; the 90–day deadline had passed when the court attempted to reassert jurisdiction. It, too, is inapposite.

*The July 2004 Stipulation and Order*

The Lodge tries a second shot, equally unpersuasive: Delil did not move for fees within 14 days of the entry of the Stipulation and Order for Dismissal of the Injunctive Relief and Damages Aspects of the Lawsuit, filed on July 19, 2004. As this document recites the parties' agreement that they will "leave[ ] the attorneys' fees, litigation expenses, and costs aspects of the [l]awsuit for resolution by negotiation or subsequent motion of the court," the Lodge's attempt to back out of this agreement now is totally at odds with the parties' understanding. The court stated as part of the same stipulation and order that it would "retain jurisdiction to interpret and to enforce the terms of the [settlement agreement] and to render a decision on any motion made to the [c]ourt for attorneys' fees, litigation expenses, and costs."

**This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In the face of its own agreement that attorneys' fees be negotiated or be determined by the court, it is disingenuous for the Lodge to contend that Delil had a duty to file a separate and superfluous motion for fees by August 2, 2004.

For the reasons stated, the judgment of the district court is AFFIRMED.