**NOT FOR PUBLICATION**

DEC 22 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGELIO HECHAVARRIA, | No. 10-17242 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00525-CRB |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted November 30, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District
Judge.[**]

Rogelio Hechavarria appeals the summary judgment entered by the district

court against him. We affirm. Because the parties are familiar with the history of

the case, we need not recount it here.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

The district court properly granted summary judgment on Hechavarria's 42 U.S.C. § 1983 claim against the City and County of San Francisco (the City). As an initial inquiry to any § 1983 claim, we ensure that "two essential elements . . . are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In this case, summary judgment was appropriate because Hechavarria did not show that City Parking Control Officer Elias Georgopoulos's assault constituted either an action under color of state law, or a deprivation of his constitutional rights.

An individual acts under color of law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). Here, Georgopoulos's physical altercation with Hechavarria over an alleged extramarital affair does not rise to this level. At the time of the incident, Georgopoulos did not represent himself as a City employee; rather, he was off-duty, wearing street clothes, and driving in his own personal vehicle. Indeed

Hechavarria failed to produce evidence to refute Georgopoulos's claims that he did not use City resources to initiate or carry out the assault. While each of these factors alone is not dispositive, in sum, they demonstrate that Georgopoulos was not acting under color of state law.

## II

The district court did not err in denying Hechavarria's motion to disqualify the City Attorney from jointly representing the City and Georgopoulos. "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998). Because Hechavarria was never in an attorney-client relationship with the City Attorney, the district court properly concluded that he lacked standing to assert a motion to disqualify.

## III

The district court erred in granting the City's motion for leave to file certain material under seal without making findings justifying the sealing order. There is a strong presumption in favor of access when deciding whether to seal records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Such a presumption may be overcome only after a district court considers "the public interest in understanding the judicial process and whether disclosure of the material could

result in improper use of the material for scandalous or libelous purposes . . . ." *Id.* (quoting *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990)). Where a district court conducts such a balancing test, but fails to articulate the rationale underlying its decision to seal, this court has determined that "meaningful appellate review is impossible." *Id.*; *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The district court did not make findings in support of its determination that the records be sealed. Ordinarily, we would vacate the order and remand for reconsideration by the district court. However, based on a review of the entire record, we conclude that the error was harmless in this case because (1) the court was implementing a sealing order entered in a separate case pertaining to the documents by a different judge; (2) there remains an appropriate and available remedy to unseal the documents in the antecedent district court proceeding; and (3) none of the material would have altered the outcome of this case.

As to the briefs and documents filed under seal in this Court, we refer the issue to the Appellate Commissioner for his determination as to what should remain sealed pursuant to the original antecedent sealing order and what should be unsealed (or ordered filed in redacted form) because it pertains solely to issues involved in this appeal.

**AFFIRMED.**

4