**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 95-30782**
**Summary Calendar**


**MICHAEL LABICHE,**

**Plaintiff-Appellant,**


**VERSUS**


**LOUISIANA PATIENTS' COMPENSATION FUND**
**OVERSIGHT BOARD; LOUISIANA PATIENTS'**
**COMPENSATION FUND,**

**Defendants-Appellees.**


Appeal from the United States District Court
for the Eastern District of Louisiana

November 3, 1995


Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:

On May 12, 1995, Labiche filed suit in the United States District Court for the Eastern District of Louisiana against the Louisiana Patients' Compensation Fund Oversight Board (the "Board") seeking to review the decisions of the Board and its claims committee which denied recovery by Labiche on his claim for custodial services furnished to his invalid wife. Jurisdiction of such suit in the federal district court was alleged to be based upon Louisiana Revised Statute 40:1299.43E(1) which states:

> The district court from which final judgment issues shall have continuing jurisdiction in cases where medical care and related benefits are determined to be needed by the patient.

Labiche further alleged that on July 22, 1993, a "Judgment Approving Settlement and Dismissing Case" had been entered in Civil Action No. 93-1950 of the United States District Court for the Eastern District of Louisiana and a copy of such 1993 judgment was appended to the original petition in this suit. This 1993 suit was a medical malpractice suit filed by Labiche against a physician, who treated Labiche's wife, and against the Board and the Louisiana Medical Mutual Insurance Company. The district court entered an order noting possible lack of subject matter jurisdiction and called for a memorandum of legal authorities from the parties addressing that question. After receiving the parties memorandum, the district court entered its Memorandum and Order under date of June 21, 1995, in which the district court reviewed and analyzed the Louisiana Medical Malpractice Act, the Louisiana Administrative Procedures Act and various decisions of the Louisiana Supreme Court and concluded that Labiche should have filed his petition for review of the orders of the Board in the state district court in Baton Rouge and accordingly dismissed this federal suit without prejudice. Labiche timely appeals to this Court.

We AFFIRM for slightly different reasons. Jurisdiction of the United States District Court is fixed by statute 28 U.S.C. §§ 1330 - 1368. We have reviewed all of those statutory provisions and none would authorize appellate review by a United States District Court of any actions taken by a state agency. The jurisdiction of

2

a United States District Court cannot be created, increased or diminished by (i) agreement or stipulation of the parties, (ii) an act of any state legislature nor (iii) by any decision of a State Supreme Court. The 1993 judgment entered by the United States District Court in Civil Action No. 93-1950 did not purport in any way to retain jurisdiction in that court for purposes of reviewing any controversies which might arise under the settlement approved therein and Civil Action No. 93-1950 was "dismissed with prejudice" by such judgment. There is no basis whatsoever for any claim of continuing jurisdiction pursuant to the 1993 judgment.

We AFFIRM the determination of the district court that there was no subject matter jurisdiction in the United States District Court; and accordingly this appeal is DISMISSED.

3