IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-21131

Summary Calendar

---

SAKS & CO. d/b/a SAKS FIFTH AVENUE,

Plaintiff-Appellant,

versus

JAMES W. WILLIAMS & ELIZABETH WILLIAMS,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas
(H-99-CV-4028)

---

June 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Saks sued defendants in state court to collect past due amounts on defendants' credit card. Saks won a judgment in state court for approximately $640,000. In a separate proceeding, defendants settled a federal case against CMS Generation Co. and CMS Gas Transmission and Storage Co. That settlement, which provided for payments from CMS to defendants, contained a reservation of jurisdiction in the federal court. Saks applied to

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the state court for post-judgment relief, asking that the settlement proceeds be seized. Defendants removed. During the pendency of the case in federal court, Saks and defendants entered into a settlement agreement. The district court therefore dismissed the action, without prejudice to the right of Saks to move for reinstatement within 90 days if the settlement was not consummated. Saks appeals.

Saks first argues that the district court lacked jurisdiction. While defendants have not made any arguments before this court to demonstrate the existence of jurisdiction, "[t]he jurisdiction of a United States District Court cannot be created, increased *or diminished* by . . . agreement or stipulation of the parties."[1] Accordingly, we independently review the basis for jurisdiction. It appears from the record that the district court asserted jurisdiction on a theory of supplemental jurisdiction. A district court may exercise supplementary jurisdiction "to secure or preserve the effects of a judgment" previously rendered by that court, even where "the federal district court would not have jurisdiction over the second action if it had been brought as an original suit."[2] As this action sought to seize the proceeds of a

---

[1] *Labiche v. Louisiana Patients' Compensation Fund Oversight Bd.*, 69 F.3d 21, 22 (5th Cir. 1995) (emphasis added).

[2] *Manges v. McCamish, Martin, Brown & Loeffler*, 37 F.3d 221, 224 (5th Cir. 1994).

settlement approved by a federal court, we hold that supplemental jurisdiction was properly asserted.[3]

Saks next argues that defendants did not remove in a timely manner. 28 U.S.C. § 1446 requires a plaintiff to remove within 30 days of receipt of the cause of action; or if the original case is not removable, within 30 days of receipt of the pleading which established removability. Saks contends that the original service of citation occurred on December 3, 1998, while removal did not occur until November 18, 1999. According to Saks, removal was therefore untimely. This argument is disingenuous at best. The complaint served in December stated only that defendants owed credit card debt, and made no claim against any settlement proceedings. It was not until November 2, 1999 that Saks sought a turnover order directed at the seizure of the settlement proceeds. Removal occurred 16 days later. This removal was timely.

Having resolved the jurisdictional issues in this case, we turn to the merits. The gravamen of Saks's appeal is that by dismissing the action, the district court called into question the validity of the state court judgment awarding Saks approximately $640,000. This concern is misplaced. As the petition for removal makes clear, only the action for post-judgment relief was removed. The removal petition states that the action being removed was

---

[3] Saks argues, as a separate issue, that the district court abused its discretion in not ruling on the motion to remand. This is merely a regurgitation of Saks's subject matter jurisdiction argument, and fails for the same reason.

"filed on November 2, 1999." That is the date upon which the petition to turn over settlement proceeds was filed. Moreover, that is after the date upon which final judgment on the merits of Saks's initial lawsuit against defendants was entered. The removal petition states that the action "seeks to assert a claim on behalf of Saks to the settlement proceeds in the case over which Judge Werlein continues to exercise jurisdiction." These excerpts make clear that the civil action against defendants for non-payment of credit card debt was not removed, nor was it dismissed by the district court. All that was removed, and later dismissed, was the suit for post-judgment relief.

Accordingly, the district court's disposition of this case does not impact the final judgment in Saks's state court case against defendants. Saks's argument in this appeal is therefore without merit.

AFFIRMED.