**CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC, Plaintiff–Appellant,**

v.

**TOTALAXCESS.COM, INC., Defendant–Appellee.**

No. 02–1325.

United States Court of Appeals, Federal Circuit.

Sept. 30, 2003.

John P. Sutton, Attorney at Law, of San Francisco, CA, argued for plaintiff-appellant.

Paul J. Derania, Law Office of Paul J. Derania, of San Jose, CA, argued for defendant-appellee.

Before NEWMAN, LOURIE, and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge PAULINE NEWMAN. Dissenting opinion filed by Circuit Judge PROST.

1. *Cygnus Telecommunications Technology, LLC v. TotalAxcess.com, Inc.,* No. C–01–20565 RMW (MDL–1423) (N.D.Cal. January 11, 2002) (Dismissal); (N.D.Cal. March 1, 2002) (Denial of Leave to Amend).

2. The TotalAxcess Quarterly Report, dated November 16, 2000, stated: "The operating

PAULINE NEWMAN, Circuit Judge.

Cygnus Telecommunications Technology, LLC appeals the decision of the United States District Court for the Northern District of California, dismissing without prejudice Cygnus' suit against TotalAxcess.com, Inc. for lack of subject matter jurisdiction.[1] Cygnus had obtained a consent judgment in the amount of $50,000 in settlement of a suit for patent infringement against Justice Telecom Corporation (formerly known as Justice Technology), and in this suit seeks to enforce the judgment against Justice's acquiring company TotalAxcess. The district court held that it lacked subject matter jurisdiction, and that the action must be treated solely as a collection matter "in the appropriate court." The district court held that the original patent-based ground of federal jurisdiction was not available against TotalAxcess and, since there was no independent basis for federal jurisdiction, the complaint was dismissed. The court denied Cygnus' request to amend its complaint to include a patent-based count.

## BACKGROUND

Cygnus in September 1999 sued Justice Telecom for infringement of United States Patent No. 5,883,964. Effective September 1, 2000, TotalAxcess purchased 100% of the stock of Justice Telecom.[2] In April 2001 Cygnus and Justice Telecom entered into a settlement agreement accompanied by a stipulated Consent Judgment, stating that the patent in suit was valid and enforceable and had been infringed by Justice Telecom; Jus-

results for JTC have been included in the Consolidated Condensed Statements of Operations from the date of the acquisition, which is September 1, 2000." The Report also stated that "the Company expects that the JTC acquisition will further increase revenues and cash flows by a significant amount."

tice agreed to pay damages of $50,000. The district court entered judgment on April 17, 2001, as follows:

> The parties having amicably resolved their differences, IT IS HEREBY STIPULATED by and between plaintiff Cygnus Telecommunications Technology, LLC and defendant Justice Telecom Corporation fka Justice Technology Corporation, that JUDGMENT be entered against Justice Telecom Corporation in the amount of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00).
>
> IT IS FURTHER STIPULATED that Justice Telecom Corporation infringed United States Patent 5,883,964 (the "'964 Patent") and that the '964 Patent is valid and enforceable.
>
> [Dated Signatures of Parties]
>
> The parties having stipulated, IT IS SO ORDERED.

Justice Telecom refused to pay the judgment. TotalAxcess also refused to pay the judgment, disclaiming responsibility for Justice's liabilities. On May 22, 2001, Cygnus filed suit against TotalAxcess in the district court, describing TotalAxcess as successor to Justice and seeking payment of the judgment. On May 31, 2001, Justice Telecom filed a petition in bankruptcy.

The district court dismissed the complaint for lack of subject matter jurisdiction, holding that this was a suit for "collection of a prior judgment against a third party in a subsequent lawsuit," and that the court had no jurisdiction to entertain it. The court explained that "although the previous action against Justice arose under the patent laws, the present action does not." Cygnus' attempt to include TotalAxcess in its patent infringement complaint and consent judgment was rejected by the district court, with the explanation:

> Plaintiff sued Justice Technology and obtained a judgment. Plaintiff's patent infringement claims merged into the judgment and no longer exist as patent infringement claims to assert against TotalAxcess.com. Plaintiff's only claim, based upon TotalAxcess.com's alleged merger with Justice Technology, is a claim to enforce the judgment.

This appeal followed.

## DISCUSSION

The question of federal jurisdictional authority to enforce contracts in settlement of federal litigation was discussed by the Supreme Court in *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 378–81, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The Court explained that for disputes arising out of a settlement agreement that produces a stipulation of dismissal, when the terms of settlement are not included in the judgment the federal court normally does not have power to enforce the settlement terms. The Court distinguished the situation where the settlement terms are included in the court's judgment:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Kokkonen*, 511 U.S. at 381, 114 S.Ct. 1673. The Court explained that jurisdiction to enforce a settlement agreement is present:

> Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the

settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Id.* at 381–82, 114 S.Ct. 1673.

The Ninth Circuit, in which this case arose,[3] has elaborated on the application of *Kokkonen.* *See, e.g., O'Connor v. Colvin,* 70 F.3d 530, 532 (9th Cir.1995) ("The settlement terms must be part of the dismissal in order for violation of the settlement agreement to amount to a violation of the court's order. Without a violation of the court's order, there is no jurisdiction."); *Hagestad v. Tragesser,* 49 F.3d 1430, 1432–33 (9th Cir.1995) (same); *Linebarger v. United States,* 927 F.Supp. 1280, 1281–82 (N.D.Cal.1996) ("the order of dismissal plainly sets forth the obligations of the parties under the settlement agreement ... the terms were incorporated as part of the dismissal order and this court therefore retains jurisdiction to enforce the terms of the settlement agreement").

The Court also explained the circumstances in which assertion of "ancillary jurisdiction" may be appropriate, inter alia, to "vindicate its authority, and effectuate its decrees":

> Generally speaking, we have asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees, *see, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (power to compel payment of opposing party's attorney's fees as sanction for misconduct); *United States v. Hudson,* 11 U.S. 32, 7 Cranch 32, 34, 3 L.Ed. 259 (1812) (contempt power to maintain order during proceedings).

*Kokkonen,* 511 U.S. at 379–80, 114 S.Ct. 1673 (citations omitted).

TotalAxcess states that such jurisdiction is precluded by *Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996), wherein the Court reaffirmed that due process protects those who were not parties to litigation from liability for judgments rendered against others. While the Court stated that the authority to exercise ancillary jurisdiction to enforce federal judgments is limited, *id.* at 357, 116 S.Ct. 862, it has recognized this exercise in "attempts to ... guarantee eventual executability of a federal judgment." *Id.* The Court in *Peacock* explained: "In determining the reach of the federal courts' ancillary jurisdiction, we have cautioned against the exercise of jurisdiction over proceedings that are 'entirely new and original,' or where 'the relief [sought is] of a different kind or on a different principle' than that of the prior decree." *Id.* at 357–58, 116 S.Ct. 862 (citations omitted, brackets in original). In *Peacock* the Court found that there was no jurisdiction because the second suit "alleged civil conspiracy and fraudulent transfer of Tru–Tech's assets ... occurr[ing] after the ERISA judgment was entered ... all involved new theories of liability not asserted in the ERISA suit. Other than the existence of the ERISA

---

**3.** In matters of procedural law not unique to the areas of Federal Circuit exclusive jurisdiction, we follow the law of the regional circuit in which the case arose. *See National Presto Industries, Inc. v. The West Bend Co.,* 76 F.3d 1185, 1188 n. 2, 37 USPQ2d 1685, 1686 n. 2 (Fed.Cir.1996).

judgment itself, this suit has little connection to the ERISA case." 516 U.S. at 358–59, 116 S.Ct. 862.

In distinction, Cygnus is raising no new theories of liability, but seeking jurisdiction to enforce the stipulated judgment against the merged successor to Justice as of the time of the judgment. A federal court has inherent power to enforce its judgments, as discussed in *Peacock:*

> We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments. Without jurisdiction to enforce a judgment entered by a federal court, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." ... In defining that power, we have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances.

516 U.S. at 356, 116 S.Ct. 862 (citations omitted). Of course, there must be an opportunity to defend against such enforcement. *See Nelson v. Adams, USA, Inc.,* 529 U.S. 460, 462, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000) (due process requires that corporate officer and principal shareholder have opportunity to contest his personal liability for judgment previously rendered against the corporation). The issue on appeal is not of liability, but of jurisdiction.

Applying precedent, we conclude that the district court has subject matter jurisdiction of the question of whether TotalAxcess is liable for this payment. "In the absence of controlling federal statutes, the district court has the same authority to aid judgment creditors as that provided to

state courts under local law." *Duchek v. Jacobi,* 646 F.2d 415, 417 (9th Cir.1981) (citation omitted). We do not here decide whether TotalAxcess is liable for payment of this judgment; we hold only that the district court has subject matter jurisdiction to resolve the issue of TotalAxcess' liability based on the facts of its relationship to Justice Telecom, and the applicable law. These aspects require development on remand.

Conclusion

The terms of the settlement agreement were incorporated in the district court's judgment and dismissal order, establishing the district court's subject matter jurisdiction to enforce the agreement, including jurisdiction to determine the liability of TotalAxcess. The dismissal is reversed, and the case is remanded for further proceedings.

*REVERSED AND REMANDED.*

PROST, Circuit Judge, dissenting.

The majority opinion concludes, after "[a]pplying precedent," that "the district court has subject matter jurisdiction of the question of whether TotalAxcess is liable for th[e] payment" of a settlement fee agreed to between Cygnus and Justice. Opinion at 1376. I respectfully dissent from this ruling because, in my view, it does not comport with precedent. Rather, I believe that the district court correctly dismissed Cygnus's complaint against TotalAxcess for lack of jurisdiction.

After discussing *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and *Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996), the majority concludes that the district court has ancillary jurisdiction over Cygnus's complaint. Neither case, however, found that jurisdiction was appropriate, and, in fact, no case cited in the majority

opinion found ancillary jurisdiction based on facts similar to those at issue here. In my opinion, the precedent cited by the majority compels the conclusion that jurisdiction is not appropriate over Cygnus's complaint.

The facts of *Kokkonen* make it inapplicable to this case. In *Kokkonen*, Guardian Life Insurance ("Guardian") and Kokkonen agreed to settle various claims arising out of Guardian's termination of Kokkonen's general agency agreement. After the district court had dismissed the action as settled, a dispute arose over the return of certain files. The parties were unable to resolve their differences and Guardian moved the district court for enforcement of the settlement agreement; Kokkonen opposed the motion for lack of subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. *Kokkonen* thus decided the issue of whether the district court had jurisdiction to enforce a settlement between the identical parties to a prior lawsuit. It does not address whether a district court has jurisdiction over a newly filed action against a new party, as in the case before us.

Moreover, neither the holding nor the rationale of *Kokkonen* provides a basis for finding jurisdiction over Cygnus's new complaint. The Supreme Court held in *Kokkonen* that jurisdiction to enforce the settlement agreement against Kokkonen did not exist-the opposite result reached by the majority in this case. According to the Court's rationale for this holding, the asserted power to enforce a settlement agreement "is quite remote from what courts require in order to perform their functions." *Id.* at 380, 114 S.Ct. 1673. Critical to this conclusion was the fact that the terms of the settlement agreement were not incorporated into the order of dismissal. *Id.* at 380–81, 114 S.Ct. 1673. If they had been so incorporated, "a breach of the [settlement] agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.* at 381, 114 S.Ct. 1673. Absent such incorporation, however, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382, 114 S.Ct. 1673.

In the present case, the district court entered judgment by consent against Justice in the amount of $50,000. Other than the consent judgment document, the record contains no settlement agreement or court order incorporating the terms of the settlement. Thus, under *Kokkonen*, to the extent the district court has any kind of enforcement jurisdiction, it is only to enforce the terms of the consent judgment against the parties to that judgment. *Kokkonen* does not go so far as to justify extending that jurisdiction to reach a newly filed complaint against a new party.

Likewise, *Peacock v. Thomas* compels the conclusion that the district court does not have jurisdiction to enforce the settlement agreement against Cygnus. *Peacock*, another case where the Court found no jurisdiction, stated that ancillary jurisdiction to enforce a settlement does not extend "beyond attempts to execute, or to guarantee eventual executability of a federal judgment." 516 U.S. at 358, 116 S.Ct. 862. According to the Court, it has "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for the judgment." *Id. Peacock* cautioned that there can be no ancillary jurisdiction over "a new action based on theories of relief that did not exist, and could not have existed at the time the court entered judgment" in the underlying action. *Id.* at 359, 116 S.Ct. 862.

The majority tries to distinguish *Peacock* on the basis that "Cygnus is raising no new theories of liability, but seeking jurisdiction to enforce the stipulated judgment against the merged successor to Justice as of the time of the judgment." Opinion at 1376. I disagree. Cygnus's complaint does raise a new theory: successor liability of a third party. Whether TotalAxcess is Justice's successor involves no facts and no law common to the original lawsuit, which charged Justice with patent infringement. Cygnus's complaint against TotalAxcess instead requires the development of facts related to the assets and liabilities acquired by TotalAxcess, as well as the application of state corporate law principles, not the federal patent laws.

My understanding of *Peacock*, and how its principles should apply in this case, comports with how other circuits have dealt with this issue. In the Tenth Circuit, "[w]hen a party asserts a postjudgment claim against a nonparty not arising out of the operative facts that produced the original judgment, an independent basis for federal jurisdiction must exist." *Sandlin v. Corp. Interior Inc.*, 972 F.2d 1212, 1216 (10th Cir.1992) (finding no postjudgment ancillary jurisdiction over newly added parties). The First Circuit has likewise concluded that there is no ancillary jurisdiction over a postjudgment proceeding "where that postjudgment proceeding presents a new substantive theory to establish liability directly on the part of a new party," unless there is some independent basis for federal jurisdiction, because "such a claim is no longer a mere continuation of the original action." *U.S.I. Props. Corp. v. M.D. Constr. Co.*, 230 F.3d 489, 498 (1st Cir.2000) (finding no jurisdiction over a new party alleged to be the alter ego of a judgment debtor). Finally, the Ninth Circuit (the regional circuit from which this case originated) has concluded that *Peacock* "held that, absent an independent basis for federal jurisdiction, a new defendant may not be joined in a supplementary proceeding to pierce the corporate veil." *Thomas, Head & Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1454 (9th Cir.1996) (finding ancillary jurisdiction on the limited basis of an alleged fraudulent conveyance, an issue specifically not addressed by *Peacock* ).

In this case, there is no independent basis for federal jurisdiction over Cygnus's new complaint. This complaint, generously interpreted to be an attempt to enforce the consent judgment between Cygnus and Justice, seeks to establish the liability of a new party for that judgment. New facts must be litigated and new law applied to determine if TotalAxcess is indeed a successor to Justice and accountable for Justice's liability under the judgment. Cygnus is therefore doing much more than trying to continue the original suit against Justice: it has created a new suit against TotalAxcess. Jurisdiction over this new suit lies only in state court absent an independent basis for federal jurisdiction, as the district court correctly found. Alternatively, had Cygnus desired to stay before the district court, it could have followed the provisions of Federal Rule of Civil Procedure 69, which empowered the district court under California state law to amend the judgment to add an additional judgment debtor. *See In re Levander*, 180 F.3d 1114, 1120–21 (9th Cir.1999). At the time of this appeal, Cygnus had not properly moved for relief under Rule 69.[4] The availability of this rule's relatively simple procedure, however, serves to highlight the impropriety of the arduous method

---

4. At the district court's invitation, Cygnus filed a motion under Rule 69, but failed entirely to support it with any evidence suffi-

cient to establish grounds for amending the judgment. Thus, the district court denied the motion without prejudice.

Cygnus instead chose to follow. I cannot agree with the majority's conclusion that Cygnus's chosen methodology is proper. Instead, I believe that the scope of ancillary jurisdiction granted by the majority extends well beyond that permitted by any precedent and is directly contrary to the Supreme Court's ruling in *Peacock*. I therefore respectfully dissent.