RICE SERVICES, LTD., Plaintiff,

v.

The UNITED STATES, Defendant,

and

EC Management Services of Maryland, LLC, Intervenor.

No. 02–468 C.

United States Court of Federal Claims.

Jan. 13, 2004.

Keith L. Baker, McLean, Virginia, attorney of record for plaintiff.

Richard P. Schroeder, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., with whom were Paul W. Knoth, of counsel; Franklin E. White, Jr., Assistant Director; David M. Cohen, Director, Commercial Litigation Branch; and Peter D. Keisler, Assistant Attorney General, for defendant.

### ORDER

MEROW, Senior Judge.

Defendant seeks reconsideration of the court's July 29, 2003 Order and Judgment awarding plaintiff $31,709.38 in attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). In its Order, the court found plaintiff was the "prevailing party" in this bid protest litigation and therefore the award was warranted under *Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) and *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371 (Fed.Cir.2002), *cert. denied*, 537 U.S. 1106, 123 S.Ct. 871, 154 L.Ed.2d 775 (2003). The government objects to classifying plaintiff as the "prevailing party" because the government voluntarily undertook remedial action and reopened the solicitation; the court did not rule on the merits of plaintiff's bid protest, therefore plaintiff did not "prevail" on the merits of its claim. The court disagreed in its Order and now reaffirms that determination. In its Order, the court ordered the government to comply with its curative plans. That Order placed the court's imprimatur on the government's promises and the plaintiff's rights thereunder, thereby altering the parties' legal relationship, the prerequisite to the status of a prevailing party.

In this bid protest, plaintiff contested the Department of the Navy's award of a con-

tract to EC Management Services of Maryland, LLC ("EC Mgt.") for dining services at the United States Naval Academy, Annapolis, Maryland. Following the filing of the administrative record, plaintiff moved for summary judgment; defendant filed motions to dismiss and for judgment on the administrative record, proposing remedial action and seeking dismissal of this litigation. As represented in its motions, the Navy intended to reopen solicitations, conduct further discussions with offerors, including plaintiff, and obtain revised proposals. This, defendant asserted, rendered plaintiff's objections to the original award moot and/or premature. In its September 26, 2002 Order, the court first described defendant's proposal, then ordered the defendant to carry out its curative plans to re-open the bid process, and dismissed plaintiff's complaint without prejudice to any future protest action arising out of the remedial action.

Defendant argues its decision to reopen the solicitation, conduct discussions, obtain revised proposals from the original offerors, and take remedial action was voluntary and unilateral, not the result of any decision by this court, thus plaintiff did not "prevail" by getting a judicial determination that its protest was valid. While it was not awarded the subsequent contract, plaintiff counters that the bid process was reopened and, most importantly for the purposes of determining that plaintiff was a "prevailing party" as defined in *Buckhannon* and subsequent cases, defendant's curative plans were cloaked with the "judicial imprimatur" that the "remedial action described and promised in defendant's submissions ... be undertaken."

■ A motion for reconsideration, governed by Rule 59 of the Rules of the United States Court of Federal Claims, "... lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir.1990). *See also Pacific Gas and Elec. Co. v. United States*, 58 Fed.Cl. 1, 2 (2003); *Franklin Sav. Corp. v. United States*, 56 Fed.Cl. 720, 735 (2003); *Crowley v. United States*, 56 Fed.Cl. 291, 294 (2003). Reconsideration "'must be based upon manifest error of law, or mistake

of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" *Fru–Con Constr. Corp. v. United States*, 44 Fed.Cl. 298, 300 (1999)(*quoting Bishop v. United States*, 26 Cl.Ct. 281, 286 (1992)). *See also Bannum, Inc. v. United States*, 59 Fed.Cl. 241 243–44 (2003); *Henderson Co. Drainage Dist. No. 3 v. United States*, 55 Fed.Cl. 334, 337 (2003). Reconsideration requires a showing (1) that there has been an intervening change in controlling law; (2) evidence is available that previously was not; or (3) reconsideration is necessary to prevent manifest injustice. *Bannum, Inc.*, 59 Fed.Cl. 241, 243–44; *Fru–Con Constr. Corp.*, 44 Fed.Cl. at 301; *Henderson Co. Drainage Dist.*, 55 Fed.Cl. at 337. Defendant's motion does not meet these requirements.

■ While it may be true that the government's post-bid protest decision to take remedial action was unilateral (which the court assumes for the instant purposes), further judicial action was not foreclosed. Whether the government's actions were the product of settlement discussions or decisions before the motions for summary judgment, to dismiss or for judgment on the administrative record were made or decided, or whether the government's restorative acts would have differed had the court not ordered compliance, are not relevant to the court's decision. The court's September 26, 2002 Order dictated that "the remedial action described and promised in defendant's submissions shall be undertaken." That remedial action was described in the body of that same Order:

Defendant's response [to plaintiff's motion for summary judgment] was to initiate remedial action and seek dismissal of this litigation. On July 18, 2002, the contracting officer unilaterally issued notices to each of the six original offerors. These notices advised the offerors that the Navy had decided to conduct discussions in reference to the solicitation and requested indications of interest in participation in the discussions. Each original offeror responded affirmatively. A schedule was established to have discussions, receive best and final offers, oral presentations, and for the Navy to make evaluations, and issue a

contract award by November 20, 2002. EC Mgt. will not be awarded an option year under the current contract. However the Navy may exercise the contract's continuity of service clause to obtain the needed wardroom dining service for midshipmen pending commencement of service under the new award contemplated for November, 2002.

Order of September 26, 2002, p. 2. The Order altered the legal relationship between the parties by *ordering* the defendant to comply, supplying the requisite judicial imprimatur on the government's curative arrangements:

In this circumstance, it is concluded that further action by the Court is not required or justified in the present protest action and it is **ORDERED** that:

(1) The remedial action described and promised in defendant's submissions shall be undertaken;

. . . .

September 26, 2002 Order, p. 3, emphasis in original.

Before the Supreme Court's decision in *Buckhannon,* prevailing party status was generally conferred if the lawsuit brought about, or was the "catalyst" for a voluntary change in the defendant's conduct. *Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dept. of Health and Human Res.,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The Supreme Court in *Buckhannon* rejected the catalyst theory. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change . . . ." To be a prevailing party, one must "receive at least some relief on the merits," which "alter[s] . . . the legal relationship of the parties." 532 U.S. at 603, 605, 121 S.Ct. 1835. *Buckhannon* noted that judgments on the merits and court-ordered consent decrees had sufficient judicial imprimatur to materially alter the parties' legal relationship to form the basis for an attorney fee award to plaintiff as a prevailing party. 532 U.S. at 604, 121 S.Ct. 1835. Because a consent decree is hybrid in nature—it is a privately negotiated form of relief and does not always include an admission of liability by the defen-

dant—it nevertheless involves judicial approval and oversight that may suffice to demonstrate the requisite "court-ordered chang[e][in] the legal relationship between [the plaintiff] and the defendant." *Buckhannon,* 532 U.S. at 604, 121 S.Ct. 1835 (alteration in original)(internal quotation marks omitted). In contrast, "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees." 532 U.S. at 604 n. 7, 121 S.Ct. 1835.

Subsequently, *Brickwood Contractors, Inc. v. United States,* 288 F.3d 1371 (Fed.Cir. 2002) described *Buckhannon* as rejecting the catalyst theory for an attorney fee award "except in instances where there is an enforceable judgment on the merits or a court-ordered consent decree, both of which create a material alteration in the legal relationship of the parties," *Brickwood,* 288 F.3d at 1380. The trial court held that its remarks at the hearing on a temporary restraining order acknowledging both the merits of plaintiff's claims, and the error of defendant's ways, precipitated settlement and constituted the required judicial imprimatur. The Federal Circuit disagreed: "the cited comments are clearly not sufficient to establish a judicial imprimatur and they do not constitute a 'court-ordered change in the legal relationship' of the parties as *Buckhannon* requires." 288 F.3d at 1380. The "court-ordered change in the legal relationship" of the parties is the standard which has been applied both initially and on reconsideration in the instant case.

Moreover, the Federal Circuit did not limit prevailing party status to only merits decisions or consent decrees, nor require that a judicial imprimatur order be the sole cause of defendant's conduct. Indeed the Federal Circuit subsequently described judgments on the merits and consent decrees as "examples" of judicially sanctioned remedies that can confer prevailing party status. *Former Employees of Motorola Ceramic Prod. v. United States,* 336 F.3d 1360, 1364 (Fed.Cir. 2003), *rehearing en banc denied, Nov. 14, 2003* ("Two examples of an alteration in the legal relationship between the parties were an enforceable judgment on the merits and a court-ordered consent decree.")(citing *Buck-*

hannon, 532 U.S. at 605, 121 S.Ct. 1835). The court rejects defendant's argument that the court must apply *Brickwood* as controlling precedent. The court's preliminary comments in a hearing on a temporary restraining order in *Brickwood,* are distinguishable from this court's specific Order that defendant must undertake the remedial actions described in its submissions.

The majority of courts that have considered the issue have construed *Buckhannon* to allow an attorney fee award where judicial action was other than a decision on the merits or a consent decree, so long as the action taken carried with it sufficient judicial imprimatur. *T.D. v. LaGrange School Dist.,* 349 F.3d 469, 478 (7th Cir.2003)(recognizing that although not explicitly labeled as such, settlement agreements may be sufficiently analogous to consent decrees to confer prevailing party status if the obligation to comply is court-ordered); *Roberson v. Giuliani,* 346 F.3d 75, 81–82 (2nd Cir.2003)(finding district court's retention of jurisdiction over settlement agreement was sufficient judicial entanglement to provide the court-ordered change in the legal relationship between the parties *Buckhannon* requires); *Am. Disability Ass'n, Inc. v. Chmielarz,* 289 F.3d 1315, 1320 (11th Cir.2002)(reversing district court finding that *Buckhannon* limited prevailing party status to merits decisions and consent decrees, extending prevailing party status where terms of settlement agreement were incorporated into order of dismissal or court explicitly retained jurisdiction to enforce the same); *Smalbein v. City of Daytona Beach,* 353 F.3d 901, 905–07 (11th Cir.2003)("*Buckhannon* does not require explicit vindication on the merits of the claim *in addition to* the parties' settlement agreement in order for [plaintiffs] to be considered as the prevailing party.")(emphasis in original); *Oil, Chem. & Atomic Workers Int'l Union v. Dept. of Energy,* 288 F.3d 452, 458–59 (D.C.Cir.2002)(finding a stipulation and order of dismissal was not enough to "meaningfully alter the legal relationship of the parties," but had they done so, *Buckhannon* would not preclude an attorney fee award); *Barrios v. California Interscholastic Fed'n,* 277 F.3d 1128, 1134–35 n. 5 (9th Cir.) ("While dictum in *Buckhannon* suggests that a plaintiff 'prevails' only when he or she receives a favorable judgment on the merits or enters into a court-supervised consent decree, we are not bound by that dictum ....") (citation omitted), *cert. denied,* 537 U.S. 820, 123 S.Ct. 98, 154 L.Ed.2d 28 (2002); *Smyth v. Rivero,* 282 F.3d 268, 281 (4th Cir.2002)(incorporating a settlement agreement in an order, or the retention of jurisdiction to enforce the same, may suffice to confer prevailing party status, doubting whether *Buckhannon* was intended to be interpreted so restrictively as to require that the words "consent decree" be used explicitly), *cert. denied,* 537 U.S. 825, 123 S.Ct. 112, 154 L.Ed.2d 35 (2002); *Truesdell v. Philadelphia Hous. Auth.,* 290 F.3d 159, 165 (3rd Cir.2002)(finding order approving settlement containing mandatory language as to the defendant's obligations and right to request judicial enforcement of the settlement was sufficient to confer prevailing party status on the plaintiff). *See also Thomas v. Nat'l Science Found.,* 330 F.3d 486, 493 (D.C.Cir.2003)(neither granting of a preliminary injunction that preserved the status quo, nor a partial summary judgment that declared a challenged assessment to be an unconstitutional tax, altered the legal relationship of the parties by awarding relief sought in the litigation). *Cf. Christina A. v. Bloomberg,* 315 F.3d 990, 993 (8th Cir.2003) ("*Buckhannon,* as indicated, makes it clear that a party prevails *only if* it receives either an enforceable judgment on the merits or a consent decree.")(emphasis added). *But see Sierra Club v. City of Little Rock,* 351 F.3d 840, 845 (8th Cir.2003)(noting a party prevails by obtaining an enforceable judgment or comparable relief through a consent decree or settlement that directly benefits plaintiff at that time, and citing *Bloomberg* as declining to find prevailing party status because the dismissal order did not incorporate any settlement terms.).

Here, the court's Order to the defendant to comply with its agreed action not only impressed defendant's curative efforts with the imprimatur of this court, but also altered the legal relationship between the parties. Court orders incorporating the terms of a settlement offer are judicially enforceable. *Kokkonen v. Guardian Life Ins. of America,*

511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)[1] spoke of the scope of the court's authority in settlement agreements in holding that the district court lacked ancillary jurisdiction to enforce a private settlement agreement, but:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement *had been made part of the order of dismissal*— either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) *or by incorporating the terms of the settlement agreement in the order.* In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

511 U.S. at 381, 114 S.Ct. 1673, emphasis supplied. Accordingly, this court's Order requiring defendant to comply with its promised action created independent rights and obligations.

Furthermore, the Navy's curative acts granted plaintiff's requested relief and satisfied *Buckhannon's* requirement that a prevailing party secure "some relief on the merits." *Buckhannon,* 532 U.S. at 603, 121 S.Ct. 1835. In its Complaint, plaintiff alleged that the Navy did not properly evaluate the prior experience and past performance of the contract awardee, EC Mgt. A major point raised was EC Mgt.'s status as a recently created Maryland limited liability company rather than a joint venture as indicated in Navy determinations. Requested remedies included a "Court order that the Navy re-evaluate the proposals properly and ... award the contract in accordance with the stated terms of the solicitation." Complaint ¶ 76. In the alternative plaintiff requested the court order that the Navy "refuse to exercise any of the option years of the contract with EC Maryland." Complaint ¶ 77. Following the filing of the administrative record on June 10, 2002, and plaintiff's motion for summary judgment on that record on June 18, 2002, defendant filed a Motion to Dismiss and Response to plaintiff's motion for summary judgment agreeing to reopen competition and establish a schedule for discussions, oral presentations and final offers, then evaluate offers and make a new contract award by November 20, 2002. The Navy also agreed that it would not exercise the option year under the protested contract pending commencement of service under the contract to be awarded in November.

The Navy's denial of administrative relief and then concession after suit was filed also answers defendant's objections that its defense was not "not substantially justified," an element of an EAJA fee award, for which defendant has the burden of proof. 28 U.S.C. § 2412; *Scarborough v. Principi,* 319 F.3d 1346, 1354 (Fed.Cir.), *cert. granted,* —— U.S. ——, 124 S.Ct. 45, 156 L.Ed.2d 703 (2003); *Lion Raisins, Inc. v. United States,* 57 Fed.Cl. 505, 512 (2003). The government did not argue its bid protest position was substantially justified in its initial opposition to plaintiff's fee application; rather the government concentrated on its prevailing party argument. In a footnote, the government purported to reserve the right to argue in the alternative that its position in the litigation did not meet the "not substantially justified" standard. See Defendant's Opposition to Plaintiff's Application for Fees and Costs Pursuant to the Equal Access to Justice Act, filed Feb. 7, 2003, p. 4 n. 3. The government cannot raise that argument initially in its Motion for Reconsideration. In any event, conceding a material part of the relief plaintiff requested, after denying administrative relief, demonstrates that on an overall basis the Navy's position in handling the initial bid solicitation was not substantially justified. *Doty v. United States,* 71 F.3d 384, 385–86 (Fed.Cir.1995); *Chiu v. United States,* 948 F.2d 711, 715 (Fed.Cir.1991); *Gavette v. Office of Pers. Mgmt.,* 808 F.2d 1456, 1466 (Fed.Cir.1986). Had the matter been correctly considered during the administrative protest there would have been no need for the litigation before this court with the incurrence of attorney fees.

Defendant also argues that the court's Order did not alter the legal relationship between the parties, because there was no longer a case or controversy then before the court. Defendant relies on the language in

---

1. *Kokkonen* was cited with approval in *Buckhannon,* 532 U.S. at 604 n. 7, 121 S.Ct. 1835.

the Order that "[i]n view of the present status of this procurement, it is concluded that plaintiff's protest has become essentially moot." September 26, 2002 Order, p. 2. The protest became essentially moot only because of the ordered agreed corrective action. This matter was dismissed on motion, not by a RCFC 41(a)(1)(ii) dismissal; an order was necessary to dismiss the action. Furthermore, even if plaintiff had stipulated to a dismissal, the court has inherent authority to incorporate settlement agreements into a dismissal order under RCFC 41(a)(1)(ii) if the parties agree. *Cygnus Telecomm. Tech. v. Totalaxcess.com,* 345 F.3d 1372, 1374–75 (Fed.Cir.2003), citing *Kokkonen,* 511 U.S. at 381–82, 114 S.Ct. 1673.

Defendant's argument that since its motion to dismiss was granted, the government rather than the plaintiff was the prevailing party, is also summarily rejected. Dismissal was only the procedural vehicle that was granted in the September 26, 2002 Order with the express *proviso* that defendant comply with its remedial promises. The relief granted and obligations imposed by the court's Order conferred prevailing party status on plaintiff for fee award purposes.

Finally, the action taken was equivalent to a remand to the Navy for re-solicitation of the procurement; this was "success on the merits" as the court did not retain jurisdiction. *Former Employees of Motorola Ceramic Products v. United States,* 336 F.3d 1360 (Fed.Cir.2003), *rehearing and rehearing en banc denied* (Nov. 14, 2003).

> [W]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.

*Former Employees of Motorola,* 336 F.3d at 1366. While *Former Employees of Motorola* was a consented remand to an administrative agency, the Department of Labor, to reexamine plaintiff/employees' entitlement to Worker Adjustment Assistance under the Trade Act of 1974, as amended, 19 U.S.C. § 2272 (2000), and here defendant agreed to return the matter to the Navy for corrective action by reopening the solicitation and a new award, the court's reliance on this case was neither erroneous nor inconsistent with *Brickwood.* While *Former Employees of Motorola* was decided five days before the court's Order on plaintiff's EAJA fee application, so defendant did not have an opportunity to address that case, the court has considered defendant's argument that the case is distinguishable and rejects the same. Whether couched in terms of action equivalent to a remand or relief on the merits, plaintiff was a prevailing party for fee award purposes.

Accordingly, defendant's Motion for Reconsideration filed August 12, 2003 is **DENIED.**